IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BONNIE LEMMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-1027-CV-W-GAF-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff filed an application for supplemental security income (SSI) benefits based on disability under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 1381, *et seq*. Plaintiff's application was denied. On May 27, 2004, an administrative law judge (ALJ) rendered a decision, where he found plaintiff was not under a "disability," as defined in the Act. On September 20, 2004, the Appeals Council of the Social Security Administration denied plaintiff's request for review. Thus, the ALJ's decision stands as the final decision of the Commissioner.

Plaintiff argues on appeal that the ALJ erred in denying her disability claim because her condition meets the requirements of Listing 12.05(C). Listing 12.05(C) requires that a claimant have "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. When the IQ of the claimant is determined, the additional impairment need only have "a 'more than slight or minimal' effect on [the claimant's] ability to perform work."

In 1967, a Stanford-Binet Psychometric Test was administered to plaintiff by the Kansas City, Missouri Public School District. The record shows, and the ALJ's decision confirms, that she received either a 57 or 67 on this test. Plaintiff's score was within or below the requirements of 12.05(C). The ALJ determined plaintiff's IQ score was "too remote" because no supporting documentation was provided concerning the validity of the testing or the qualifications of the administrator.

In this regard, the ALJ failed to fully develop the record regarding plaintiff's mental and psychological impairments. When the ALJ believes that the record is insufficient or needs clarification, it is the ALJ's duty to obtain such information from the claimant's treating physicians, or in the alternative, order a consultative examination. *Nevland v. Apfel*, 204 F.3d 853, 858-59 (8th Cir. 2000).

The ALJ should have ordered a consultative evaluation of plaintiff in order to fully develop the record regarding her mental capacity. The ALJ explicitly noted at the hearing that the IQ record provided was not sufficient, and that he would consider a post-hearing psychological evaluation. In his decision, the ALJ rejected plaintiff's 1967 Stanford-Binet IQ score as "too remote" due to a lack of supporting documentation showing the score was a medically determinable impairment and was properly executed. Upon rejecting this evidence, the ALJ should have ordered a consultative evaluation of plaintiff's intelligence under the facts presented here.

WHEREFORE, for the reasons stated herein, this case is remanded to the Commissioner for a consultative evaluation of plaintiff's intellectual capacity and reconsideration of the impact, if any, of her intellectual capacity on whether she is under a "disability" as defined in the Act.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
 United States District Court

DATED:   May 27, 2005